ROGERS
*v.*
KENWRICK.

Rec. 1763.
Fol. 46.

It is no Objection to an Award that it fettles the Boundary Line between adjacent Lands of the Parties without ordering Releafes. *Hutchinfon, C. J., & Oliver, J., diff.*

## Rogers *verf.* Kenwrick.

### *(From Barnftable.)*

THIS Action was Debt upon an Arbitration Bond. No Award pleaded. Award was read as follows: "We do determine and fettle the northweft Corner Bound as fettled by us is an Heap of Stones," &c., "which appears to be the reputed known N. W. Bound for many Years, and nothing appears

---

appears but was always fo," &c., " and that the faid
Kenwrick pay," &c. (1)    Now 'twas anfwered by

1763.

ROGERS
v.
KENWRICK.

*Mr. Paine.* That the Arbitrators had taken upon
them to determine a Title of Freehold, and there-
fore the Arbitration void and no Award. Where
the Right of Freehold is in Debate, the Property
cannot be transferred by an Award; the Arbitra-
tors only are in Stead of the Parties, and can do no
more than can be done by them. Now the Parties
themfelves cannot pafs corporeal Inheritances with-
out folemn Livery. 1 Roll. Abr. 242. 14 H. 4,
19, 24. 9 H. 6, 6. 3 H. 4, 6. 11 H. 4, 12.
Keilw. 99. 1 Leon. 228. 1 Roll. Abr. 244. 1
Bacon, 132. But if Condition of the Obligation is
to ftand to Award of Arbitrators, who award the
Land to one, and that the other fhall releafe, who
does not, the Penalty of the Obligation is forfeited,
but if no Act to be done by the Party, as releafing,
is awarded, it is not forfeited though the other do
not convey to him a good Title. (2)

*Mr. Otis, contra.* I grant the Award to be void
                                                    if

---

(1) The replication further alleged that the defendant had not kept
up to the tenor of the award, but had broken over the line by cutting
wood on the land of the plaintiffs. And among the papers on file ap-
peared the depofition of Jonathan Kenwrick, fealed up and directed,
" For the Clerk of yͤ Superiour Court of Judicature" &c. This being
opened by the prefent Clerk of the Supreme Judicial Court, it appeared
that the deponent teftified to feeing the defendant " cutting wood about
fix rods to yͤ weftward of yͤ range that was fettled by yͤ arbitrators."

(2) Among the papers on file appears one which would feem to have
been part of Mr. Paine's brief, fince it contains the above argument
and lift of authorities almoft *verbatim ;* the whole being taken from
Bac. Ab. Arbitrament, A.

if the Arbitrators have determined the Freehold; but here they have not, they have only determined the Line; the real Boundary is but a mathematical Line without Breadth or Thicknefs, the fettling that does not affect the Freehold. 1 Bacon, Tit. Arbitra. I think then a Bond conditioned to abide by fuch Award is good, and the Award good, and if not complied with, the Obligation fhould be forfeited.

*Paine.* When they fettle the Line, they fay to whom the Land on each Side belongs. They have awarded Nothing to be done; they fhould have ordered Releafes.

*Judgment for the Plaintiff.* (3)   *Ruffell, Cufhing, Lynde,* againft *Oliver & Ch. Juftice.*

*Ch. Juft.* very warmly againft the Determination.*

* *Quære,* if this Cafe is not agreeable to Law? Vid. Vol. 1, (4) p. 18, and the Authorities there cited.

---

(3) S. P. *Jones* v. *Bofton Mill Corp.* 6 Pick. 148. *Goodridge* v. *Duftin,* 5 Met. 363. In this cafe the previous decifion in *Whitney* v. *Holmes,* 15 Mafs. 152, was partially overruled, and the rule ftated by Mr. Juftice Hubbard to be, that an award which fettles a boundary, " although it will not have the direct effect of conveying lands, will yet conclude the parties from difputing the title or boundary which is diftinctly fettled by the award, and that it fhall operate by way of eftoppel." See alfo *Searle* v. *Abbe,* 13 Gray, 409.

(4) This volume is miffing. Many other references to miffing volumes are omitted. See Preface.